UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-23885-CIV-GRAHAM

**CLOSED**
**CIVIL**
**CASE**

DISABILITY ADVOCATES and
COUNSELING GROUP, INC.,

     Plaintiff,

vs.

RENT-A-CENTER EAST, INC., d/b/a
RENT-A-CENTER,

     Defendant.

_____/

<u>ORDER</u>

     **THIS CAUSE** comes before the Court upon Defendant's Renewed Motion to Dismiss [D.E. 8].

     **THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

     On December 19, 2011, Plaintiff was directed by this Court to file an Amended Complaint within ten days [D.E. 13]. Plaintiff's amended pleading was due on or before December 29, 2011. Plaintiff, however, has failed to file any amended pleading. Defendant thereafter renewed its motion to dismiss [D.E. 8] filed on December 5, 2011. The Court will now consider Defendant's motion.

     Defendant moves to dismiss with prejudice Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff, Disability Advocates, filed this action pursuant to Title III of the Americans with Disabilities Act ("ADA") alleging that Defendant, Rent-a-Center, has discriminated against its members in violation of Title III. Defendant argues that Plaintiff's complaint warrants dismissal because Plaintiff lacks standing to bring this action under Title III of the ADA on behalf of its members. Defendants contend that absent a demonstration of standing, Plaintiff cannot satisfy the "case or controversy" requirement under Article III of the United States Constitution, and thus the Court lacks jurisdiction over Plaintiff's Complaint. Additionally, Defendant asserts that Plaintiff's complaint should be dismissed because it fails to state a claim upon which relief may be granted. Specifically, Defendant argues that Plaintiff fails to allege with any specificity whatsoever the facts necessary to plead a *prima facie* case for any alleged violation of Title III of the ADA.

On December 15, 2011, Plaintiff sought leave to amend their complaint in order to add additional claims, parties, locations and allegations [D.E. 12]. As noted above, Plaintiff has failed to file any amended pleadings.

The Court finds that Plaintiff, Disability Advocates, lacks standing to bring this action under Title III of the ADA on behalf of its members. Association for Disabled Americans, v. Concorde Gaming Corp., 158 F.Supp.2d 1353 (S.D. Fla. 2001); Concerned Parents to Save Deher Park v. City of W. Palm Beach, 884 F.Supp.

487, 488 (S.D. Fla 1994). Specifically, because a claim under the ADA is individualized, it requires participation of the association's individual members in the lawsuit. See <u>Access Now, Inc. v. South Florida Stadium Corp.</u>, 161 F. Supp.2d 1357, 1363 (S.D. Fla. 2001). Here, Plaintiff was given the opportunity to amend its pleading to add the parties required for standing and failed to do so.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [D.E. 7] is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and all pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of January, 2012.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

3